## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN MORALES,

          **Plaintiff,**

   **v.**

**FORMER CORRECTIONS OFFICER MARC THOMAS,**
SCI Phoenix,

**CORRECTIONS OFFICER OYE,**
SCI Phoenix,

**CORRECTIONS OFFICER HILL,**
SCI Phoenix,

**CORRECTIONS OFFICER WATSON,**
SCI Phoenix,

**CORRECTIONS OFFICER CAVALIER,**
SCI Phoenix,

**CORRECTIONS OFFICER PRESCOTT,**
SCI Phoenix,

**LIEUTENANT POTOWSKI,**
SCI Phoenix,

**SUPERINTENDENT JOSEPH TERRA,**
SCI Phoenix,

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS,**

          **Defendants.**

**CIVIL ACTION**

**JURY TRIAL DEMANDED**

1

## PLAINTIFF'S COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This is a civil rights action for monetary damages brought pursuant to 42 U.S.C. § 1983 as well as the Eighth and Fourteenth Amendments to the United States Constitution and raising supplemental state-law claims related to Defendants' use of excessive force and injuries that occurred at SCI Phoenix on August 13, 2024, while Plaintiff was housed in the Restrictive Housing Unit ("RHU"). After Defendant Thomas, a former SCI Phoenix Corrections Officer, gave Plaintiff his dinner tray that contained feces through the cell wicket and Plaintiff attempted to return his meal, Defendants Thomas and Oye struck him numerous times with a baton and further assaulted him, while Defendant Hill deployed his oleoresin capsicum spray ("OC spray") and Defendant Watson viciously beat him. Defendants Cavalier, Prescott, and Potowski, who were on duty in the RHU in the vicinity of Plaintiff's cell, failed to intervene. As a result, Plaintiff suffered extreme pain and long-term injuries due to the vicious, unprovoked assault.

2.    Due to Defendants Thomas, Oye, Hill, Watson, Cavalier, Prescott, and Potowski's actions and inactions, Plaintiff suffered extensive injuries to his right hand, shoulder, head and face, for which he received minimal medical treatment at the Medical Department in SCI Phoenix. Plaintiff also experienced severe headaches, substantial pain and suffering, long term rehabilitation, and emotional distress due to Defendants' actions and inactions.

3.    Plaintiff now seeks monetary damages for his substantial pain and suffering, and future financial losses caused by Defendants' conduct, as well as punitive damages for Defendants' willful, malicious, and oppressive conduct.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343; pendent jurisdiction to consider claims under state law; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate claims arising under state law.

5.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred within Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania.

## III.    PARTIES

6.    Plaintiff, Alvin Morales (hereinafter "Plaintiff"), is 28 years old and an inmate currently incarcerated at SCI Phoenix, located at 1200 Mokychic Drive, Collegeville, Montgomery County, Pennsylvania.

7.    Defendant, former Corrections Officer Thomas (hereinafter "Thomas"), was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

8.    Defendant, Corrections Officer Oye (hereinafter "Oye"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

9.    Defendant, Corrections Office Hill (hereinafter "Hill"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI

Phoenix with a business address of 1200 Moykchic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

10.     Defendant, Corrections Office Watson (hereinafter "Watson"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Moykchic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

11.     Defendant, Corrections Office Cavalier (hereinafter "Cavalier"), is and was at all times relevant to this Complaint a Lieutenant with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Moykchic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

12.     Defendant, Corrections Office Prescott (hereinafter "Prescott"), is and was at all times relevant to this Complaint a Corrections Officer with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Moykchic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

13.     Defendant, Lieutenant Potowski (hereinafter "Potowski"), is and was at all times relevant to this Complaint a Lieutenant with the Pennsylvanian Department of Corrections at SCI Phoenix with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

14.     Defendant, Superintendent Joseph Terra (hereinafter "Terra"), is and was at all times relevant to this Complaint the Superintendent at SCI Phoenix employed by the Pennsylvania Department of Corrections with a business address of 1200 Mokychic Drive, Collegeville, Pennsylvania. He is sued in his individual capacity.

4

15.    Defendant, the Pennsylvania Department of Corrections (hereinafter "DOC"), is and was at all times relevant to this Complaint an agency of the Commonwealth of Pennsylvania that operates/operated at SCI Phoenix. The principal office for the DOC is located at 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania.

16.    At all times relevant to this Complaint, Defendants acted under color of state law.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

18.    In or about the summer of 2024, upon information and belief, corrections officers at SCI Phoenix were assaulted and injured by one or more inmates inside the institution.

19.    Soon after the assaults, in and about early August 2024, Defendant Terra communicated with SCI Phoenix inmates and corrections officers, including Defendants Thomas, Prescott, Potowski, Oye, Hill, Cavalier and Watson, both in person and on the institutional news channel, that he would not tolerate inmates assaulting staff, and that he encouraged and supported the SCI Phoenix staff putting their safety above that of the inmates.

20.    Defendant Terra explicitly informed inmates and staff in person and on the institutional news channel, including the individual DOC Defendants in this lawsuit, that anyone who put hands on the guards would suffer consequences.

21.    Further, Defendant Terra stated on the same mediums that he had permission from higher ups for DOC guards to push back on inmates, and that the guards' safety comes first before that of the inmates.

22.    This new policy was derived as a result of the assault on a guard followed by a visit by Senator Tracy Pennycuick in or about July 2024 and her subsequent letter distributed to SCI staff and inmates on or about August 1, 2024.

23.    In a letter distributed to corrections personnel and inmates at SCI Phoenix in or about early August 2024, Senator Pennycuick expressed concerns only for the safety of DOC staff and not for the inmates. Further, she encouraged Terra to protect the guards and that their safety mattered more than the inmates.

24.    As a result of the new culture and policies at SCI Phoenix following the directives of Defendant Terra and Senator Pennycuick, Defendants Thomas, Oye, Hill, and Watson felt empowered and permitted to assault prisoners and/or fail to intervene on inmate assaults in or about August 2024 while they were on duty in the Restrictive Housing Unit ("RHU") at SCI Phoenix as they followed the instructions and new practice to keep the inmates under control by any means necessary to protect corrections staff.

25.    As a result of the new culture and policies at SCI Phoenix following the directives of Defendant Terra and Senator Pennycuick, Defendants Prescott, Cavalier and Potowski failed to intervene when they observed assaults on inmates by guards in or about August 2024 while they were on duty in the Restrictive Housing Unit ("RHU") at SCI Phoenix.

26.    In or about August 2024, an inmate-on-inmate homicide occurred at SCI Phoenix.

27.    After the homicide in or about early August 2024, there was a shakedown at SCI Phoenix where corrections officials were brought in from other prisons, including a specialized response team, and others within SCI Phoenix to search and remove property from all cells.

28. On August 13, 2024, Plaintiff was housed in the Restricted Housing Unit ("RHU") at SCI Phoenix where Defendants Thomas, Prescott, Potowski, Oye, Hill, Watson and Cavalier were on duty.

29. Upon information and belief, Defendants Thomas, Oye, Hill and Watson received little or no training by Defendant DOC regarding their responsibilities for handling inmates in the RHU before they worked there on August 13, 2024.

30. On or about August 13, 2024, during the 6 a.m. to 2 p.m. shift, as part of the shakedown, all the cells in the RHU were searched, and items including but not limited to toiletries and mattresses were taken from the cells.

31. On or about August 13, 2024, Plaintiff was housed in cell D103 in the Restricted Housing Unit ("RHU") at SCI Phoenix.

32. During dinner time, at or about 5 p.m., Defendant Thomas delivered the evening meal to Plaintiff.

33. Plaintiff noticed a strong putrid odor from the covered tray.

34. When Plaintiff lifted the cover, he saw a small amount of feces on top of the food.

35. Plaintiff placed the tray on top of the wicket, held onto the tray and requested a Sergeant or Lieutenant.

36. Prior to either superior officer coming to his cell, Defendant Hill sprayed Plaintiff with OC spray, causing Plaintiff to cough and choke.

37. Plaintiff was taken from his cell and beaten with batons by Defendants Thomas and Oye. Defendant Watson assisted in the assault.

38. Defendant Potowski arrived and failed to intervene during the assault and eventually ordered Defendant Watson to take Plaintiff to medical.

39. Defendant Prescott held a camera during this incident and also failed to intervene while the assault occurred.

40. During the assault Defendant Watson tugged Plaintiff like an animal, pulling him around even though Plaintiff was not resisting.

41. Defendant Watson slammed Plaintiff to the ground, jumped on top of him and forced Plaintiff into a restraint chair.

42. Defendant Cavalier, who stood and watched this occurrence and also failed to intervene, eventually escorted Plaintiff to the medical department in the restraint chair with the assistance of Defendants Watson, Prescott, and Potowski.

43. At medical, pictures of Plaintiff's hands, ankles, and face were taken. Plaintiff was covered in scratches and bruises. Two fingers on his right hand, including his pinky, were swollen and painful.

44. Plaintiff received minimal medical care that evening and no treatment for his severe pain.

45. Plaintiff was taken back to his cell. Because he was designated as a mental health risk, he was left in his cell for three days with no mattress, sheets, or other amenities.

46. Plaintiff suffered and continues to suffer from pain in his right hand.

47. The incidents and the resulting severe pain in his right hand have caused Plaintiff severe emotional distress.

48. Because of a similar vicious assault on another inmate in the RHU on the same date after the assault on Plaintiff, Defendant Thomas was later terminated from his position as a corrections officer.

## V.    ADMINISTRATIVE REMEDIES

49.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

50.    Plaintiff has fully exhausted all administrative remedies while incarcerated at the Pennsylvania Department of Corrections.

## VI.    CLAIMS FOR RELIEF

### COUNT I: USE OF EXCESSIVE FORCE
### BY DEFENDANTS THOMAS, HILL, OYE, WATSON, AND TERRA
### (FEDERAL CONSTITUTIONAL CLAIM)

51.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

52.    The Eighth and Fourteenth Amendments to the United States Constitution prohibit officials from using unnecessary excessive physical force against an individual. Defendants Thomas, Hill, Oye, and Watson acted maliciously and sadistically for the very purpose of causing harm and not in a good-faith effort to maintain or restore discipline.

53.    Defendant Terra, as the superintendent and supervisor of Defendants Thomas, Hill, Oye and Watson, encouraged, supported and facilitated their violent behavior towards Plaintiff and other inmates through his policies and the culture that he created at SCI Phoenix in August 2024.

54.    Defendants Thomas, Hill. Oye and Watson's unprovoked and unnecessary infliction of pain was totally without penological justification, violating Plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution.

55.    The foregoing conduct of Defendants Thomas, Hill, Oye, and Watson, acting under color of state law, constituted excessive physical force and unlawfully deprived Plaintiff of his civil and

9

constitutional rights, including his rights, privileges, and immunities under the Eighth and Fourteenth Amendments to the U.S. Constitution, in violation of 42 U.S.C. § 1983.

56.    The acts of Defendants Thomas, Hill, Oye, and Watson, which included violent assaults on Plaintiff, were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately, and/or by conduct so egregious as to shock the conscience.

57.    The actions of Defendants Thomas, Hill, Oye, and Watson were encouraged, supported and facilitated by Defendant Terra's policies, culture and messages that he communicated to guards and inmates at SCI Phoenix in August 2024.

58.    Defendants Thomas, Hill, Oye, and Watson's use of force and Defendant Terra's encouragement of the use of force was not applied in a good-faith effort to subdue Plaintiff but rather was applied maliciously and sadistically to cause Plaintiff harm.

59.    As a direct and proximate cause of Defendants' actions, Plaintiff suffered serious physical injuries to his hand and suffered severe emotional distress and mental anguish following the traumatic experience.

60.    As a direct and proximate result of Defendants' illegal and unconstitutional actions and omissions, Plaintiff suffered loss of earning capacity and the deprivation of other liberty interests, all to his great financial detriment and loss.

61.    By these actions, Defendants Thomas, Hill, Oye, Watson, and Terra deprived Plaintiff of his rights secured by the Eighth and Fourteenth Amendment to the U.S. Constitution.

## COUNT II: FAILURE TO INTERVENE TO VIOLATE CIVIL RIGHTS BY DEFENDANTS PRESCOTT, CAVALIER, AND POTOWSKI

62.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

10

63.     At all times relevant hereto, Defendants Prescott, Cavalier, and Potowski acting under color of state law were present during the assault of Plaintiff and had a clear, realistic opportunity to intervene and stop the use of excessive force.

64.     Despite having the ability to prevent further harm, Defendants Prescott, Cavalier, and Potowski acted with deliberate indifference to Plaintiff's safety by standing by and failing to take any reasonable steps to protect Plaintiff while he was being assaulted, nor did they order Defendants Thomas, Hill, Oye, and Watson to stop.

65.     This failure to act resulted in severe injury to Plaintiff and constituted a violation of Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

66.     As a result of Defendants' failure to intervene Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

**COUNT III: CONSPIRACY
TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)
BY DEFENDANTS TERRA, THOMAS, HILL, OYE, WATSON, PRESCOTT,
CAVALIER, AND POTOWSKI**

67.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

68.     At all times relevant hereto, Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski, acting under color of state law, entered into an agreement and understanding among themselves to deprive Plaintiff of his constitutional rights, specifically his right to be free from the use of unreasonable and excessive force and the right to necessary medical care.

69.     The conspiracy involved Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski acting in concert to:

11

    a.   Unlawfully apply excessive and unreasonable force against Plaintiff;

    b.   Fabricate reports or eyewitness testimony to conceal the true nature of the force used;

    c.   Fail to intervene to prevent excessive force; and

    d.   Implement and execute policies at SCI PHoenix which encouraged and supported corrections officers' abuse of inmates.

70.    In furtherance of this conspiracy, Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski took the following overt acts:

    a.   Defendant Terra encouraged and supported violent behavior to subdue inmates;

    b.   Defendants Thomas, Hill, Oye, and Watson violently assaulted Plaintiff in an unprovoked attack; and,

    c.   Defendants Prescott, Cavalier, and Potowski failed to intervene to stop the assault.

71.    None of the defendants attempted to stop the assault on Plaintiff.

72.    As a result of Defendants' conspiracies, Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

**COUNT IV: BATTERY**
**DEFENDANTS THOMAS, HILL, OYE AND WATSON**
**(STATE LAW CLAIM)**

73.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

74.    On or about August 13, 2024, Defendants Thomas, Hill, Oye, and Watson intentionally made direct, harmful, and/or offensive contact to Plaintiff's person and caused Plaintiff actual physical injuries when beating and spraying him outside his cell.

75.     The actions of Defendants Thomas, Hill, Oye, and Watson constitute the tort of battery under Pennsylvania law.

76.     As a result of Defendants Thomas, Hill, Oye, and Watson's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

## COUNT V: ASSAULT
## DEFENDANTS THOMAS, HILL, OYE AND WATSON
## (STATE LAW CLAIM)

77.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

78.     On or about August 13, 2024, Defendants Thomas, Hill, Oye, and Watson intentionally acted to make harmful and/or offensive contact to Plaintiff's person when they assaulted Plaintiff causing severe injuries.

79.     The actions of Defendants Thomas, Hill, Oye, and Watson constitute the tort of assault under Pennsylvania law.

80.     As a result of Defendants Thomas, Hill, Oye, and Watson's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

## COUNT VI:
## OUTRAGEOUS CONDUCT CAUSING
## SEVERE EMOTIONAL DISTRESS
## DEFENDANTS THOMAS, HILL OYE, WATSON AND TERRA, WATSON,
## PRESCOTT, CAVALIER AND POTOWSKI
## (STATE LAW CLAIM)

81.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

82.     On or about August 13, 2024, Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski engaged in extreme and outrageous conduct when Defendants Thomas,

13

Hill, Oye, and Watson assaulted and sprayed Plaintiff with an excessive amount of force; Defendants Prescott, Cavalier, and Potowski failed to intervene; and Defendant Terra issued policies and practices encouraging assaults on inmates at SCI Phoenix, all of which caused Plaintiff to suffer severe emotional distress under Pennsylvania law.

83.    The acts of Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski constitute the tort of outrageous conduct causing severe emotional distress under Pennsylvania law.

84.    As a result of Defendants Thomas, Hill, Oye, Watson, Terra, Prescott, Cavalier, and Potowski's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

## COUNT VII:
### *MONELL* CLAIMS
### PLAINTIFF V. DEFENDANT TERRA AND DOC

85.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

86.    At all times relevant to this Complaint, Defendant Terra, as an employee of Defendant DOC, was the policymaker, administrator, and chief executive official for SCI Phoenix, ultimately responsible for the implementation of policies, training and supervision of correctional officers, and the safety and well-being of individuals incarcerated at the facility.

87.    At all times relevant to this Complaint, Defendant DOC was the employer of Defendant Terra, and, by allowing Defendant Terra to issue the policies and customs that allowed guards to harm inmates, Defendant DOC was responsible for the incident involving Plaintiff described herein.

88.    Prior to the incident described herein, Defendant Terra issued a directive to the community at SCI Phoenix, including inmates and correctional staff declaring that he would not tolerate inmate assaults on prison personnel and encouraging corrections staff to put their safety first over that of the prisoners.

89.    Rather than reinforcing lawful disciplinary procedures, Defendant Terra's directive was understood by correctional officers as an official sanction, custom, and "blank check" to utilize excessive, retaliatory, and unconstitutional physical force against any inmate for any perceived infractions.

90.    Through these directives, Defendant Terra, with the approval of Defendant DOC, established a policy, widespread custom, and/or practice wherein correctional officers were encouraged to bypass standard operating procedures and institutional regulations regarding the use of force, substituting them with instantaneous, punitive, and retaliatory violence.

91.    Defendants Terra and DOC's customs, practices and policies directly fostered an atmosphere of impunity among correctional staff, creating a foreseeable and unreasonable risk that inmates would be subjected to excessive force in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

92.    Defendants' assault on Plaintiff is a clear example of this accepted violent behavior by corrections officers that aligns with Defendants' DOC and Terra's unconstitutional policies, customs, and practices.

93.    Defendant Terra knew, or should have known, that issuing an unchecked directive of this nature to correctional staff would directly result in the use of excessive and retaliatory force, yet failed to implement adequate safeguards, training, or supervision to protect inmates and prevent constitutional violations.

94.     The policy, customs, and practices established by Defendant Terra and approved by Defendant DOC were the proximate cause of the deprivation of Plaintiff's constitutional rights and the severe physical and psychological injuries Plaintiff sustained.

## VII.    PUNITIVE DAMAGES

95.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

96.     Defendants' conduct was outrageous, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

97.     As a result, Plaintiff is entitled to punitive damages on each count because such damages are necessary and appropriate both to punish Defendants' outrageous conduct and to deter them and others from engaging in similar conduct.

## VIII.    JURY DEMAND AND RELIEF DEMANDED

98.     Plaintiff demands a jury trial as to each count.

WHEREFORE, Plaintiff requests the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Reasonable attorney's fees and costs; and

d.      Such other and further relief as appears reasonable and just.


Respectfully submitted,

/s/ Laurie R. Jubelirer
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC

Date: August 3, 2026